IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00021-CNS

C.H.,

    Plaintiff,

v.

COMMISSIONER, Social Security Administration,

    Defendant.

# ORDER

Plaintiff C.H.[1] seeks disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI under the Social Security Act for a number of mental and physical impairments: fibromyalgia, degenerative disc disease of the cervical and lumbar spine, migraines, chronic pain syndrome, depressive disorder, and anxiety disorder (Administrative Record (A.R.) at 13, 80). C.H. filed this lawsuit for judicial review of the final decision by the Social Security Administration Commissioner (the Commissioner) denying her benefits claim. Exercising jurisdiction under 42 U.S.C. § 405(g), the Court AFFIRMS the Commissioner's denial of benefits.

---

[1] Pursuant to D.C.COLO.L.APR 5.2(b), Plaintiff C.H. is identified by her initials only.

1

## I. BACKGROUND

A brief summary of the relevant background facts suffices. C.H. was born on November 17, 1981[2] (A.R. at 26, 338). C.H. was struck by an automobile as a pedestrian in January 2009 and suffered a closed head injury (*id.* at 678). C.H. was under the care of Fran J. Gorman, ANP-C (nurse practitioner) for chronic pain management due to chronic stenosis (ECF No. 12 at 3). In April 2020, C.H. suffered a fall while carrying her 35-pound cat (*id.* at 4; A.R. at 20). In June 2020, John Sherman, MD, determined that C.H. suffered from right L5-S1 extruded disc herniation with right S1 nerve root displacement and compression with moderate right foraminal stenosis with mild crowding of the right L5 nerve (A.R. at 781). In June 2020, Frank Crnkovich, MD, determined that there was a small anterior superior labral tear in her right hip (*id.* at 779). C.H. underwent surgery in August 2020 and testified that surgery had improved her ability to walk, but she continued to have back and leg pain along with numbness and tingling and continued to have migraines and pain from fibromyalgia (*id.* at 83-84).

In October 2019, Brad Marten, Psy.D., conducted a psychological consultative evaluation of C.H., and diagnosed C.H. with recurrent and mild major depressive disorder; anxiety disorder; panic attacks; and post-traumatic stress disorder (*id.* at 683). In April 2020, C.H. underwent medical examinations with David Gillum, M.D., and Virginia Thommen, M.D., who reviewed the evidence (including Dr. Marten's evaluation) and determined that C.H. was able to perform a range of light work and retained the mental ability to do work involving some skills not involving more complex duties (*id.* at 130-34; 173-76). Dr. Gillum and Dr. Thommen determined that C.H. could

---

[2] Counsel for C.H. lists her birthday as May 11, 1992; however, this date is not supported by the Administrative Record.

2

lift or carry 20 pounds occasionally and 10 pounds frequently and could stand or walk 6 hours in an 8-hour work day (*id.*).  In March 2021, Nurse Gorman issued a one-page document entitled "Functional Limitations Statement" that concluded C.H. could only sit and stand/walk 2 hours in an 8-hour work day; was precluded from working 40 hours per week; and could only lift up to 5 pounds occasionally (*id.* at 1047).

C.H. filed for DIB and SSI in April 2019 (*id.* at 338-46).  C.H. alleges that she became disabled in June 2016 (*id*. at 338, 342).  C.H.'s application was denied in May 2021 (*id.* at 10-28) and the Appeals Council denied review (*id.* at 1-6).  C.H. timely sought review in this Court (ECF No. 1).  C.H. raises two arguments on appeal:  (1) the ALJ's reasons for finding the opinion of Fran Gorman, NP, unpersuasive were not based on substantial evidence; and (2) the ALJ impermissibly incorporated some, but not all, of the limitations from Brad Marten, Psy.D., without sufficient explanation (ECF No. 12 at 8-11).

## II.  LEGAL STANDARD AND STANDARD OF REVIEW

An individual is disabled under the Social Security Act if they are unable to do "any substantial gainful activity" due to any medically determinable physical and/or mental impairment that can be expected "to last for a continuous period of not less than 12 months." *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). An individual bears the initial burden of establishing their disability. *See id.* at 1062. To determine whether an individual is disabled, courts use a five-step, sequential analysis that considers whether the individual:

(1) is currently engaged in "substantial gainful activity";

(2) has a "severe" impairment or impairments;

(3) the impairment or impairments equals one of the impairments listed in the appendix of the relevant disability regulation;

3

      (4) the impairment or impairments prevent the individual from doing their past work; and

      (5) has the "residual functional capacity" to perform other work in the national economy

*Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) (citing 20 C.F.R. § 404.1520(a)(4)). If Plaintiff "is not considered disabled at step three, but has satisfied their burden at steps one, two, and four, the burden shifts to the Commissioner" to show Plaintiff has the residual functional capacity (RFC) to perform other work in the national economy while considering their age, education, and work experience. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

      The Court reviews the Social Security Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See, e.g.*, *Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence" is evidence that is sufficient, based on the entire record, to support the ALJ's factual determinations. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2022). A district court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," but will "not reweigh the evidence or retry the case." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). The threshold for this "evidentiary sufficiency is not high," and requires only enough evidence that a reasonable person might accept as adequate to support the ALJ's decision. *Id.* Nonetheless, a decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotations omitted).

4

### III.  ANALYSIS

Having reviewed the administrative record, the parties' briefs, and relevant legal authority, the Court affirms the Commissioner's denial of benefits.

**A.     The ALJ Determination Regarding Fran Gorman's, NP, Opinion**

C.H. argues that the ALJ's decision should be reversed because the ALJ's reasoning for finding the opinion of Nurse Gorman unpersuasive was not based on substantial evidence.  Social Security regulations require ALJs to evaluate medical opinion evidence based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as familiarity with the other evidence in the claim.   20 C.F.R. §§ 404.1520c(c) and 404.1520(c); *see also C.M.D. v. Comm'r of Soc. Sec.*, No. 1:22-CV-01005-DDD, 2022 WL 18141574, at *1 (D. Colo. Dec. 9, 2022).

The ALJ's evaluation of Nurse Gorman's opinion was consistent with these factors.  The ALJ noted that (1) Nurse Gorman provided care as a pain manager, (2) Nurse Gorman's interactions with C.H. pertained to routine follow-up visits for medication renewals; (3) Nurse Gorman was not a mental health specialist; and (4) Nurse Gorman's opinion was based on the subjective complaints of C.H.'s pain, which was not consistent with her treatment notes and inconsistent with the other medical evaluations done by other medical professionals (*id*. at 20-24). Accordingly, the Court finds that the ALJ's decision was based on substantial evidence and should not be disturbed.  *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) ("In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of

contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.") (citation and internal quotations omitted).

### B. The ALJ Adequately Accounted for Plaintiff's Limitations from Brad Marten, Psy.D., for her RFC

Plaintiff next argues that the ALJ failed to incorporate all of the limitations from Dr. Marten's opinion without explanation (ECF No. 12 at 9). Specifically, Plaintiff argues that the ALJ's RFC assessment did not include any limitations related to C.H.'s interpersonal functioning and did not include Dr. Marten's opinion that C.H. should be limited to "work-related functions with expected rates of speed and/or efficiency" (ECF No. 12 at 9). Dr. Marten opined that:

> [C.H.] displayed adequate persistence throughout the present examination which lasted approximately 2 ½ hours in duration suggesting that she should be adequately able to persist at at least simple work-related tasks over a similar time frame. That being stated, the claimant displayed very slow pace and processing speed in her efforts in completing the written questionnaire portion of this examination attributed to headache pain and feeling mentally "foggy" as noted. The latter suggests similar, marked limitations in her ability to carry out various work-related functions with expected rates of speed and/or efficiency.
> . . .
> Such findings support a diagnosis of major depressive disorder, recurrent, mild. The latter is also associated with isolation and irritability which may negatively impact interpersonal functioning and/or motivation in workplace settings, at least to a mild to moderate extent.

(A.R. at 683-84).

The ALJ found that Dr. Marten's opinion was persuasive and determined that C.H. could:

> understand, remember, and carry out simple, routine, tasks that can be learned and mastered in thirty days' time or less, with a reasoning level of 3 or less. The work involves no fast-paced or production-rate quotas, but end of day quotas are fine. At such levels, the claimant can maintain concentration, persistence, and pace within customary norms, make routine work-related decisions, plan and set goals, adapt to routine workplace changes, travel, and recognize and avoid ordinary workplace hazards.

(A.R. at 17).

The Court cannot re-evaluate the ALJ's judgment regarding appropriate accommodations or limitations, but must review the ALJ's ruling "to determine whether it is free from legal error and supported by substantial evidence." *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011). The Court does not find that the ALJ failed to account for Dr. Marten's opinion in the RFC assessment. Because the ALJ reviewed all the medical opinions and reports in reaching a conclusion about C.H.'s limitations, the Court will not overturn the ALJ's decision to reach an alternative conclusion.

## IV.  CONCLUSION

For the reasons set forth above, the Court AFFIRMS the Commissioner's decision denying C.H.'s applications for DIB and SSI.

DATED this 31st day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge